UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RALPH RIBERAL,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>Defendant. | Case No. 2:23-cv-00588-JDP (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 11 & 15 |

Plaintiff, who suffers from chronic obstructive pulmonary disease ("COPD"), challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Both parties have moved for summary judgment. ECF Nos. 11 & 15. Because I find that the ALJ impermissibly interpreted medical data himself, plaintiff's motion is granted, and the Commissioner's cross-motion is denied.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

In May 2020, plaintiff filed applications for a period of disability, DIB, and SSI, alleging disability beginning February 11, 2020. Administrative Record ("AR") 232-76. After his applications were denied initially and upon reconsideration, a hearing was held before an Administrative Law Judge ("ALJ").[1] AR 49-59, 131-35, 140-46. On December 29, 2021, the ALJ issued a decision finding that plaintiff was not disabled. AR 35-43. Specifically, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

---

[1] Plaintiff did not appear at the hearing. AR 51-53.

2. The claimant has not engaged in substantial gainful activity since February 11, 2020, the alleged onset date.

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD).

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds. The claimant can never work around moving mechanical parts, in humidity and wetness occasionally, in dust, odors, fumes and pulmonary irritants and avoid all exposure to extreme cold and extreme heat.

* * *

6. The claimant is unable to perform any past relevant work.

* * *

7. The claimant was born [in] 1959 and was 60 years old, which is defined as an individual closely approaching retirement age, on the alleged disability onset date.

8. The claimant has a limited education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

* * *

11. The claimant has not been under a disability, as defined in the

3

Social Security Act, from February 11, 2020, through the date of this decision.

AR 37-43 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which was denied. AR 1-5. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Analysis

Plaintiff challenges the ALJ's denial by arguing that: (1) the ALJ improperly rejected the opinions of two non-examining state-agency doctors; and (2) the language describing plaintiff's residual functional capacity ("RFC") is ambiguous concerning the extent of the pulmonary restriction.[2] ECF No. 11 at 6-12.

### A.     Legal Standard for Evaluating Medical Opinion Evidence

The court first considers plaintiff's assertion that the ALJ failed to properly consider medical opinion evidence. In 2017, new Social Security Administration regulations took effect concerning the evaluation of medical opinions.[3] Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ determines which medical opinions are the most "persuasive" by focusing on a variety of factors: (1) supportability; (2) consistency; (3) relationship with the claimant—including the length of treatment, frequency of examinations, purpose and extent of treatment, and whether the medical source examined the claimant as opposed to reviewing only the documentary medical evidence; (4) the medical source's area of specialty; and (5) "other" factors, such as the impact of any new evidence received after a medical

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). In contrast, "light work" involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

[3] Because plaintiff filed his applications for benefits after March 27, 2017, the new regulations apply to his claims. *See* 20 C.F.R. § 404.1520c.

4

source has provided a medical opinion. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

The factors of "supportability" and "consistency" are the "most important" when determining the persuasiveness of medical opinions, and the ALJ must explain how both were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Under the "supportability" factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Under the "consistency" factor, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ is only required to address the remaining factors when "two or more medical opinions . . . about the same issue are equally well-supported . . . and consistent with the record . . . but are not exactly the same." 20 C.F.R. §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3).

**B.    The ALJ's Consideration of Dr. Lee's and Dr. Cepeda's Opinions**

In September 2020, state-agency physician G. Lee, M.D., reviewed the medical evidence at the initial stage of review. Noting plaintiff's impairments of COPD and hypertension, Dr. Lee opined that plaintiff appears to be capable of performing "medium activity," subject to various environmental and exertional limitations. Of relevance here, Dr Lee determined that plaintiff is limited to lifting or carrying a maximum of twenty-five pounds occasionally and twenty pounds frequently. AR 60-79.

In May 2021, at the reconsideration stage, state-agency physician A. Cepeda, M.D, reviewed the evidence, including plaintiff's subsequent treatment records from October 2020 to February 2021. In keeping with Dr. Lee's assessment, Dr. Cepeda opined that plaintiff is restricted to medium work with a range of environmental and exertional limitations, including a limitation to lifting or carrying up to twenty-five pounds occasionally and twenty pounds

5

1  frequently.[4]  AR 82-109.

2  The ALJ found that Dr. Lee's and Dr. Cepeda's opinions were "mostly persuasive as they
3  are mostly consistent with the [medical evidence]," but disagreed that the evidence supported a
4  limitation to lifting and carrying twenty-five pounds occasionally.  AR 41.  The ALJ instead
5  determined that plaintiff is able to lift and carry up to fifty pounds occasionally, which is
6  consistent with the exertional requirements of medium work.  *Id*.  In reaching this determination,
7  the ALJ noted that a CT scan of plaintiff's chest from 2020 showed "no acute intrathoracic
8  abnormality . . . [and only] multiple small, noncalcified pulmonary nodules . . . measuring less
9  than 4 mm."  AR 41.  The ALJ also cited plaintiff's "respiratory examinations" from late 2020
10 and early 2021, which yielded normal results and demonstrated that his lungs "were clear to
11 auscultation bilaterally with non-labored respiration and no crackles or wheezing."  *Id*.
12 Additionally, the ALJ pointed out that treatment notes from August 2021 stated that plaintiff
13 denied having breathing problems and that his lungs were clear, and that in September 2021 a
14 treating physician noted that plaintiff's respiration was normal and his COPD was "stable" with
15 medications.  *Id*.

16 The reports by Dr. Lee and Dr. Cepeda are the only medical opinions in the record that
17 assess the nature and extent of plaintiff's functional abilities and limitations; there are no opinions
18 from any treating medical source addressing his ability to perform work-related activities in light
19 of his COPD diagnosis, and plaintiff was never evaluated by a consultative examining physician.
20 Having disregarded Dr. Lee's and Dr. Cepeda's uncontroverted opinions concerning plaintiff's
21 reduced ability to lift and carry, the ALJ apparently relied on his own reading of the medical
22 findings to assess plaintiff's exertional limitations.  The ALJ, however, is not a medical expert
23 "qualified to interpret raw medical data in functional terms . . . ."  *Nguyen v. Chater*, 172 F.3d 31,
24 35 (1st Cir. 1999); *see Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (holding that an
25 ALJ should not make his "own exploration and assessment as to claimant's physical condition");

---

[4] Dr. Lee's and Dr. Cepeda's limitation to lifting twenty-five pounds occasionally is not compatible with medium work, which involves lifting fifty pounds occasionally, but is consistent with light work, which involves lifting twenty pounds occasionally.  *See* 20 C.F.R. §§ 404.1567(b)-(c).

*Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."). Likewise, "bare medical findings" that "merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities . . . are unintelligible to a lay person in terms of residual functional capacity." *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 293 (1st Cir. 1986). Accordingly, the ALJ erred by attempting to link data from plaintiff's treatment records with the determination that plaintiff can lift fifty pounds occasionally; the ALJ "is not qualified to make that connection himself."[5] *Id*.

Because the ALJ impermissibly interpreted the medical data to draw his own conclusion about plaintiff's functional abilities, the ALJ failed to provide legally sufficient reasons for rejecting the uncontroverted opinions of Dr. Lee and Dr. Cepeda concerning plaintiff's lifting limitation. Remand on this issue is warranted.

Having determined that the ALJ failed to provide legally sufficient reasons for rejecting medical opinion evidence, the court declines to address plaintiff's remaining claim challenging the RFC, as the RFC will again be at issue on remand.

### C.     Remand for Further Proceedings

Given the ALJ's error in evaluating the medical opinion evidence, the matter must be remanded for further consideration. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations

---

[5] While the ALJ cited plaintiff's normal "respiratory examinations" as a reason for rejecting Dr. Lee's and Dr. Cepeda's limitation, it appears that the ALJ was referencing treatment notes that summarized, among other things, plaintiff's respiratory status and symptoms during his various medical appointments. AR 41. There is no indication, however, that any medical provider specifically tested plaintiff's lung functioning by evaluating the impact of physical exertion on the severity of his symptoms. Additionally, although the ALJ noted that a treating doctor characterized plaintiff's COPD as "stable" with his medications, there is no indication that any medical provider assessed whether plaintiff's medications would effectively control his COPD symptoms if he were performing activities associated with medium work. *Id.*

omitted); *Treichler v. Comm'r of Social Sec.,* 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 11, is granted.

2. The Commissioner's cross-motion for summary judgment, ECF No. 15, is denied.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated:   December 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE